Nott, J.
The only question in this case is, whether an action can be maintained, in a court of law, on a guardianship bond, before the accounts have Leen adjusted, and a *238 specific sum decreed to be paid over? It has been severa? times adjudged in this court, that an action cannot be main' tained on an administration bond, until the administrator has been cited to appear before the ordinary to render an account of his administration.
P. Farrow for the motion.
Downs and Young, contra.
It is true, the form of an administration bond is some what different from the bond now under consideration. But the substantial objection to the jurisdiction of a court of law is, that the administrator can neither be compelled, nor even permitted, to render in his accounts upon oath in that court; nor is the course of proceeding such as to enable the court to do justice between the parties. The objections apply with full force to a guardianship bond. A guardian may be summoned to appear before the ordinary when he has been appointed by that court. If he refuses to obey the summons, he may be compelled to account in the court of equity, or the ordinary may decree against him. If he appear before the ordinary and settle his accounts, and a sum certain be decreed to he paid, that sum may be recovered on the bond in a court of law. If the plaintiff set out the condition of the bond in his declaration and assign a specific-breach, so that it shall appear to the court that no inquiry into the state of the defendants accounts will be necessary, I can see no objection to maintain the action in a court of law; but it can not entertain jurisdiction as long as the accounts remain unadjusted and the settlement of the accounts be involved in the issue. The motion must therefore be granted.